### Archibald W. McCandless, Appellee, v. John N. Crouse, Appellant.

### Gen. No. 18,449. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 11, 1914.

### Statement of the Case.

Petition filed on redocketing of cause below after remand from Supreme Court by John M. Crouse averring that he had complied with the mandate of the Supreme Court by tendering to Archibald W. McCandless the amount found due the latter together with a deed

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

to the property in litigation, but that said McCandless refused to accept the deed and praying that the latter be required to answer in detail showing in what respect said McCandless claimed that the property had deteriorated in value while the title thereto was in petitioner. The master to whom the case was referred found that owing to petitioner's neglect to make repairs the premises had been damaged to the extent of $1,327.75, and the chancellor approving his findings decreed that petitioner pay said sum to McCandless, from which decree Crouse appeals.

The litigation out of which this proceeding arises will be found in *Crouse v. McCandless*, 121 Ill. App. 237, affirmed in 220 Ill. 344, and *Macfarland v. Utz*, 175 Ill. App. 525.

MILLER, GORHAM & WALES, for appellant.

ASHCRAFT & AHSCRAFT, for appellee; E. M. ASHCRAFT, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 408*—*when judgment on appeal res adjudicata.* Where on a prior appeal from a decree on a bill for accounting the equities of the parties were determined by the judgment of the Appellate and Supreme Courts, such judgment is *res adjudicata*, and the subject is not open to inquiry on a subsequent appeal between the same parties involving the same subject-matter.

2. PARTNERSHIP, § 366*—*when partner liable on dissolution for depreciation of property conveyed to him to purchase interest in firm.* Where under a partnership agreement certain premises were conveyed to one of the partners in part payment of the purchase price of an interest in the firm, and on a bill for accounting following a voluntary dissolution such partner was decreed to recover the property, the latter is liable for depreciation in the value of the property resulting from his neglect of duty to repair while holding the legal title, notwithstanding the fact that the amount expended by him on the property was in excess of his income

therefrom, in view of a finding on appeal from the decree in accounting that he was neither entitled to be reimbursed for an excess in expenditures nor to be required to account for an excess in receipts.